IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMY OARD-HESEMAN                                                                            PLAINTIFF

V.                                              NO. 11-2171

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tammy Oard-Heseman, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current application for DIB on June 13, 2009, alleging an inability to work since June 1, 2006, due to "Depression, sleep apnea and add." (Tr. 101, 124).[1] An administrative hearing was held on November 2, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 20-38).

By written decision dated February 3, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - obstructive sleep apnea, headaches, a dysthymic disorder, a major depressive disorder, a panic disorder with agoraphobia, and an obsessive-compulsive disorder. (Tr. 11). However, after

---

[1]Plaintiff and Defendant agree that the onset date was amended to January of 2009. (Docs. 11-12).

AO72A
(Rev. 8/82)

reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work as defined in 20 CFR 404.1567(b) consistent with his hypothetical question to the vocational expert (VE) as follows:

> The ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently;
> The ability to sit and stand and/or walk six hours total in an eight-hour workday; and
> The ability to do work where interpersonal contact is incidental [to] the work performed, the complexity of the task is learned and performed by rote with few variables and little judgment required, and the supervision required is simple, direct and concrete.

(Tr. 13). With the help of the VE, the ALJ determined that during the relevant time period, Plaintiff was unable to perform any past relevant work, but would be able to perform such jobs as a motel/hotel housekeeper, package mail sorter/conveyor belt/routing clerk, or car wash attendant. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 1, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III. Discussion:**

Plaintiff contends that the ALJ erred in concluding that Plaintiff was not disabled because: 1) The ALJ erred as it relates to opinion evidence; 2)The ALJ erred as it relates to RFC; and 3) The ALJ erred as it relates to credibility. (Doc. 11).

**A. RFC Determination and Weight of Opinion Evidence:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, including the opinions given by Richard D. Back, Ph.D.; Rosemary L. Collins-Simpson, APN; Patricia J. Walz, Ph.D.; Arturo Meade, M.D.; Lyndon Winn, LCSW; and Kathleen M. Kralik, Ph.D. The ALJ also considered Plaintiff's subjective complaints and medical records when the ALJ determined Plaintiff maintained the RFC to perform light work with certain limitations. The ALJ specifically addressed and considered the weight to be given to the examining, non-examining, and treating physicians, and the Court agrees with the weight given by the ALJ. More specifically, the ALJ was warranted in giving greater weight to the opinion of Dr. Kralik, since she treated Plaintiff off and on from 2004 through September 29, 2009. (Tr. 301-337). The ALJ also carefully discussed the opinions of the other providers, and determined to give them less weight for various justifiable reasons, as pointed out in Defendant's well-stated brief.

With respect to Plaintiff's arguments that the ALJ did not consider the Plaintiff's side effects to medications, or her sleep apnea, the Court finds them to be without merit, for the same reasons as given in Defendant's brief, and the Court finds that the RFC took into consideration all of the limitations which were supported by the record. Therefore, the Court finds there is sufficient evidence to support the ALJ's RFC findings.

**B.     Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective

complaints, including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in his brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The Court finds Plaintiff's argument to be without merit, and finds that there was sufficient evidence for the ALJ to make an informed decision and to support the ALJ's credibility findings.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 25th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE